# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NIRMAL SINGH,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-4768** |
| **v.** | : | |
| | : | |
| **DAVID O'NEILL, Acting Field** | : | |
| **Office Director, Philadelphia Field** | : | |
| **Office Immigration and Customs** | : | |
| **Enforcement, *et al.*,** | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 13th day of July 2026, upon consideration of Petitioner Nirmal Singh's, ("Petitioner"), *petition for writ of habeas corpus*, ("Petition"), (ECF 1), and Respondents' response in opposition,[1] (ECF 5), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the Petition for a writ of *habeas corpus* is **GRANTED**,[2] as follows:

---

[1]    Petitioner named as Respondents the following individuals, *to wit*:  David O'Neill, Former Acting Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; Markwayne Mullin, Secretary of the Department of Homeland Security, ("DHS"); Todd Blanche, Acting Attorney General of the United States; and Warden of the Philadelphia Federal Detention Center, ("FDC").  (Pet., ECF 1 at ¶¶ 30-35).

[2]    Petitioner is a national and citizen of India who is alleged to have entered the United States on or about June 8, 2024.  (ECF 1 at ¶¶ 30, 36).  According to Petitioner, upon encountering DHS officers shortly after entering the country, he was served a Notice to Appear.  (*Id.* at ¶ 37).  Petitioner has a pending asylum application.  (*Id.* at ¶¶ 39-40).  On July 8, 2026, DHS detained Petitioner during a regularly scheduled check in with the United States Immigration and Customs Enforcement, ("ICE").  (*Id.* at ¶ 44).  Petitioner is currently detained at the FDC.  (*Id.* at ¶ 8).

By way of the underlying Petition, Petitioner seeks *habeas* relief in the form of, *inter alia*, immediate release from detention or, alternatively, a bond hearing in which the Government bears the burden to justify Petitioner's continued detention.  (*Id.* at pp. 15-16).  Petitioner further argues that his detention violates the Immigration Nationality Act, ("INA"), and his rights under the Fifth Amendment Due Process Clause of the United States Constitution.  In its response, the Government argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and that his detention comports with constitutional due process.  Each argument is addressed in turn.

As noted, Petitioner argues that his detention violates the plain language of the INA because Section 1225(b)(2) does not apply to individuals like Petitioner, who have already entered and were residing in the

United States at the time they were apprehended.  Rather, Petitioner argues, individuals such as him are subject to § 1226(a).  In its response, the Government incorporates an argument that this Court and others in this district and throughout the country have addressed and rejected.  Specifically, the Government argues that as Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that his detention under Section 1225(b)(2) is lawful.

As to the Government's position that Section 1225(b)(2) justifies Petitioner's detention, this Court herein incorporates by reference its many rulings on this very issue and again finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2).  *See, e.g.*, *Kumar v. McShane*, 2025 WL 3722005, at \*5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, 2026 WL 94615, at \*4-6 (E.D. Pa. Jan. 13, 2026).  The Court further finds that DHS' present authority to detain Petitioner lies, at best, within Section 1226(a), because he is a noncitizen who was paroled into the country without immigrant status. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, a [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.").  As such, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without such a hearing violates the INA.  *See id.*

Petitioner further argues that his detention violates procedural due process because it was imposed without notice, hearing, and any individualized determination.  As counter, the Government incorporates arguments previously made on the constitutionality of Petitioner's detention, principally that Petitioner's detention is aligned with the Government's profound interest to detain undocumented persons during removal proceedings and has not yet reached an unreasonable duration.

To determine whether an immigrant detainee's procedural due process rights have been violated, the Court applies the *Mathews v. Eldrige* balancing test.  424 U.S. 319, 335 (1976).  The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived.  Nothing in the record suggests that Petitioner's continued compliance with immigration authorities requires his detention. Finally, considering the Government's interest, the Court finds that the function and burden—if any exist— on the Government to provide Petitioner with due process come nowhere near so weighty as to justify the current intrusion on his rights.  On balance, the *Mathews* factors lead this Court to find that the Government's failure to afford Petitioner with any form of due process in effectuating his detention violates procedural due process.

In light of the statutory and due process violations, Petitioner further seeks his immediate release from custody or, alternatively, an order requiring a bond hearing.  Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy. A *habeas* court is empowered to "dispose of the matter as law and justice require."  28 U.S.C. §§ 2241(a), 2243.  "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention."  *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights.  *See* 28 U.S.C. § 2241(c)(3).  Consequently, this Court finds that law and justice require Petitioner's immediate release.  Given that Petitioner's request for immediate release is granted, the Court declines to consider his request for a ruling setting aside the Government's policy as outside the bounds of the ordered *habeas* relief.

1. The Government's mandatory detention of Petitioner Nirmal Singh under 8 U.S.C. § 1225(b)(2) violates the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner Nirmal Singh is in custody in violation of the law and the Constitution of the United States, he is to be ***immediately*** released from the Federal Detention Center in Philadelphia, Pennsylvania;

3. The Government is further directed to return to Petitioner Nirmal Singh any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on July 8, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on July 14, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

3